## ACCEPTANCE OF GOODS PURCHASED.

Circuit Court of Summit County.

### FREDERICK W. ANDERSON v. THE FRANTZ BODY MANUFACTURING COMPANY.

Decided, April Term, 1910.

*Sale of Goods—Delivery at Different Times—Acceptance of Part—Opportunity to Test.*

1. In an entire contract for the sale of a certain number of articles, all alike and of the same quality, acceptance of part is acceptance of all, though delivered at different times.

2. Where the question of whether the defendant had had time to test articles sold and delivered to him before accepting them is contested, and he claims that the articles could only be tested in use and that he had sent them to a customer for that purpose, the matter of acceptance is peculiarly for the jury, and it is error to charge the jury that the undisputed testimony shows that the articles had been accepted.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The issues in this case as well as the errors complained of, are best stated by reading part of the charge of the trial judge, which is as follows:

"The controversy in this case grows out of a sale made to the defendant by the plaintiff of six pairs of automobile seats.

"It is conceded that the defendant purchased of the plaintiff six pairs of seats for which it agreed to pay ninety dollars.

"It is conceded that six pairs of seats were delivered to the defendant by the plaintiff and returned by the defendant shipping the same to the plaintiff.

"Under the evidence in this case I say to you as a matter of law that the plaintiff agreed to deliver seats which were good, strong, durable and perfect as to material and workmanship, and peculiarly suited for use in limousine automobile bodies.

"Plaintiff claims the seats he delivered were of the kind and quality, and suited for the purpose for which they were sold.

"Defendant claims that the seats delivered were not good, strong, durable and suitable for use in limousines, and that they were too light, and the iron used in the back of the same

was not heavy enough to withstand the strain, and that they were wholly inadequate for use in said limousines.

"I say to you as a matter of law that under the pleadings in this case and the undisputed testimony, the defendant by receiving the two pair of seats, having ample opportunity to inspect and test the same, and having fitted them to limousine bodies, and then having sold and delivered them, thereby as a matter of law accepted two pair of seats, and under the pleadings in this case is bound to pay the contract price therefor.

"As to the other four pairs which were later shipped and promptly returned, I say to you that whether or not the defendant is liable to pay the contract price for them depends upon whether the four pairs of seats delivered by the plaintiff to the defendant complied with the terms of the contract, and were good and strong, and durable, perfect as to workmanship and material, and peculiarly suited to use in limousine automobile bodies.

"If the plaintiff delivered such seats as these he is entitled to recover for said four pair of seats."

We think the trial judge was wrong in holding that the undisputed testimony in the case showed that the defendant had accepted the two pair of seats. Whether they had had time to test them or not, was hotly contested, the defendant claiming that they could only be tested in use and had to be sent to their customer in Chicago for that purpose. This question was peculiarly for the jury in this case. *Williston on Sales*, Section 475.

Should the jury have found that these two pair of seats were accepted, then the balance of the charge was wrong, because this was an entire contract, and all the articles being alike and of the same quality, acceptance of part would be acceptance of all. *Benjamin on Sales*, p. 163, 6th Ed.

Notwithstanding these errors in the charge, we find no error in the court's refusal to give any of the plaintiff's requests to charge before argument. The second request very nearly states the law of the case. It is deficient, however, in assuming that the four pairs of seats were identical in character and quality with the first two pair.

For error in the charge the judgment is reversed.